JOHN J. C. TADDIKEN Respondent, *v.* MARY A. CANTRELL, Appellant.

Where a married woman executes a promissory note in the ordinary form, and perfect in its terms, the fact, that in order to make it binding upon her, the addition of other terms not suggested by the paper itself is required, *i. e.*, an expression of an intent to charge her separate estate, does not justify the payee in making such an addition after delivery of the note and without her knowledge and consent; and if so made it is a material alteration which vitiates the instrument.

An authority, however, given by the maker to the payee, to add any thing to the note which counsel when consulted may suggest to be needful to make the note "right, legal and proper," is sufficient to authorize such an addition as will make the note legal and binding upon her, and it is not material that she is not advised of the precise terms of the addition.

(Argued April 23, 1877 ; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover the amount of three promissory notes made by defendant upon a loan to her.

At the time of the loan defendant was a married woman. It appeared that the notes were drawn by the plaintiff, who, after they were delivered, added to each of them the words: " I hereby charge my separate estate with the payment of the above." This was done under an alleged authority conferred by defendant, who, according to plaintiff's evidence upon the trial, when he drew the notes, authorized him to add to them any thing which his counsel, on examination, should suggest to be necessary in order to make them "right, legal and proper."

Further facts appear in the opinion.

*Henry H. Morange*, for the appellant. The alterations made were material and vitiated the notes in suit. (*McGrath* v. *Clark*, 56 N. Y., 35 ; *Trow* v. *Glen Cove Starch Co.*, 1 Daly, 280 ; *Weyer* v. *Huneke*, 55 N. Y., 412 ; *Booth* v. *Powers*, 56 id., 29.) Plaintiff could not act as defendant's agent in making the alterations. (Story on Ag., § 9 ; Paley on Ag., ch. 1, pt. 1, § 7, art. 5, p. 33 ; *Munn* v. *Corn Co.*, 15 J. R., 43.) No ratification of plaintiff's act could be inferred from defendant's silence. (*Seymour* v. *Wykoff*, 10 N. Y., 213 ; *Nixon* v. *Palmer*, 8 id., 398 ; *N. Y. C. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 14 id., 85 ; 2 Rob., 556 ; 6 Lon., 407; *Bruce* v. *Davenport*, 36 Barb., 349.) Plaintiff could not assume a right to make the alterations by implication. (*Nixon* v. *Hyserott*, 6 J. R., 58 ; *Artcher* v. *McDuffe*, 5 Barb., 147 ; *Lynch* v. *McBeth*, 7 How. Pr., 113 ; 24 N. Y., 603 ; *Meyer* v. *Huneke*, 55 id., 412.)

*Daniel T. Robertson*, for the respondent. The filling in of the notes by plaintiff was as between the parties to this action legal and proper. (1 Greenl. on Ev. [Redf. ed.], 610, § 562 ; 19 J. R., 396 ; 5 Mass., 538 ; *Hudson* v. *Rewett*, 5 Bing., 368 ; *Knapp* v. *Maltby*, 13 Wend., 587 ; *Booth* v. *Powers*, 56 N. Y., 31.) The alteration was immaterial, as

the law itself would have enforced the notes if it had not been made. (Pigot's Case, 11 Rep., 27 ; *Lewis* v. *Payn*, 8 Cow., 71 ; *Aldons* v *Cornwall*, 3 Q. B., 573 ; *Hier* v. *Staples*, 51 N. Y., 138 ; *Frecking* v. *Rolland*, 53 id., 425.)

FOLGER, J. The addition to each note, made by the plaintiff was a material one. There was nothing upon the face of the paper, as it existed before the addition, from which an authority to him could be obtained, to make so important a change. There were no blanks, from which it was at once evident that the note was an incomplete instrument, and from the existence of which it could be taken or inferred, that there was authority conferred to so fill them up, as to make an instrument perfect in form and terms. It is the delivery of a paper, defective in the form in which it is delivered, that gives the power to so add to it as to remedy the defects in it. Each note, when delivered in this case, was a perfect note in its terms. That it was not expressive of a contract, binding upon the defendant, arose from a fact *aliunde* the paper itself. To make it a binding contract, called for the addition of terms, not suggested by the paper itself, the need of which was not indicated by any lapse in the instrument when it left the hand of the defendant.

In such a case, a material addition to such an instrument can be justified only by express authority to make it;. and such authority will justify it.

Whether the plaintiff had that authority, was a pure question of fact, entirely within the province of the jury to determine. They have determined it in favor of the plaintiff, and upon evidence which, though in conflict with other that was given, was sufficient, if believed by the jury, to sustain the verdict rendered. The plaintiff and Mrs. King substantially agree in testifying, that the defendant gave authority to the plaintiff to draw up the notes which she signed, and to add to them anything, which counsel to be consulted by him, should suggest as needful to make them right, legal and proper. This cannot be construed as any-

thing else than a power so to frame the language of the paper signed by her, by addition to it, or alteration of it, as that it should make a contract capable of being enforced against her. The plaintiff did this, and no more. It does not matter, that the defendant did not know of the precise terms of the addition which was made. Had she signed her name upon a piece of blank paper, and delivered it to him upon an agreement between them for a loan of money by him to her, with power to him to write upon it, such an instrument as would be right, and as would be legal and proper, to express a valid contract in writing to the same purport as that orally entered into, the defendant could not afterwards object that the instrument was never shown to her, and she not made cognizant of the terms of it.

It may not be disputed, on the verdict in the case, that the defendant sought to borrow money to pay off a debt against property held by her as her separate estate as a married woman; and that she was willing and agreed, that such a contract should be written over her name, as should make her and that estate liable in law to the plaintiff for the money which he loaned for that purpose.

As he has done no more than that, and now seeks to enforce that contract, every principle of law and of equity is in his favor.

The judgment should be affirmed.

All concur.

Judgment affirmed.