MARIA VAN RIPER, Respondent, v. JAMES E. BALD-WIN, Appellant, Impleaded with JOSEPHINE N. HOMAN.

*Delivery of note by payee without indorsement — when it operates as an equitable assignment — assignee may sue in his own name*

The plaintiff rented certain premises to one Homan, who, by the express direction of his, the lessee's, wife, delivered to an agent of the plaintiff a note made by the defendant, Baldwin, to her order, to secure the payment of the rent to become due under the lease. The note was not indorsed by the wife at the time of its delivery. The rent not having been paid, and the wife having refused to indorse the note, the plaintiff brought this action to recover the amount thereof. *Held*, that the pledge of the note operated as 'an equitable assignment thereof to the plaintiff, and that he could sue thereon in his own name.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

In March, 1877, this plaintiff rented and gave possession to William A. Homan of certain premises owned by her, and located at Spring Valley, Rockland county, New York. The terms agreed upon were $1,000 per year, payable monthly in advance. William A. Homan was in possession four months, and paid no rent. He furnished security, as agreed upon, for the payment of the rent, consisting of a promissory note, made by James E. Baldwin, for the sum of $500, bearing date January 19, 1870, payable one year from date, with interest, to Josephine N. Homan, one of the defendants above named, and the wife of William A. Homan, the lessee. Mrs. Homan surrendered possession of the said note to a third person, an agent of the plaintiff, without indorsing the same, stating at the time that it was for the purpose of having it used as such security. Subsequently, the rent being unpaid, and she having refused to indorse the note, this action was brought to enforce the payment of the same.

*Wm. R. Baldwin*, for the appellant.

*Wm. B. Slocum*, for the respondent.

PRATT, J. :

The verdict establishes the fact that Mr. Homan, by the express authority of his wife, delivered the promissory note, in controversy, to the plaintiff's agent, to be used as security for the rent. Such delivery of the note constituted a formal pledge thereof for the purposes mentioned, and vested the equitable title thereto in the plaintiff, notwithstanding the note was payable to Mrs. Homan, and she withheld her indorsement thereof. (*Taddiken* v. *Cantrell*, 69 N. Y., 597.) By that pledge the plaintiff acquired a right, and it was her duty to collect the amount of the note from Mr. Baldwin, and she is liable to account to Mrs. Homan. (*Wheeler* v. *Newbould*, 16 N. Y., 392.) The rule requiring an equitable assignee to sue in the name of his assignor has been abrogated, and he is now expressly authorized to sue in his own name. (Code of Civil Procedure, § 449.) We think that the amendment allowed at the trial was quite proper.

These are all the questions which concern the defendant, Baldwin.

We think that they were properly disposed of at the circuit, and that the judgment should be affirmed.

DYKMAN, J. :

The defendant's motion for judgment on the pleadings was properly denied. The complaint states a cause of action against both defendants.

The defendant's motion, at the close of plaintiff's testimony to dismiss the complaint, was properly denied. There was matter for the jury then in evidence. There was proof that the delivery of the note was to secure rent, and that this rent was due and unpaid.

The exceptions to the admissions of testimony, one and all, are without force. None of the objections were well taken.

The exception to the part of the charge " did she deliver the note as security for rent? if she did, whether she indorsed it or not, does not make any difference," was not well taken.

Delivery, as security, effected an assignment. The condition being fulfilled, an absolute title would vest.

This, if right, disposes of the next exception to the part. " I "

say, if they credit his evidence, it was delivered to Hopper under this agreement. I think that it is a delivery to the plaintiff; Hopper was a mere custodian.

The next two exceptions assert, that to transfer negotiable paper held by her, a married woman must charge its payment upon her separate estate. This statement is sufficient answer.

Judgment and order denying motion on minutes for new trial, affirmed with costs and disbursements.

Present — DYKMAN and PRATT, J., BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.