### CLAPP v. COLLINS et al.

(*City Court of New York, General Term.* October 3, 1889.)

ALTERATION OF INSTRUMENTS—INDORSEMENT OF NOTE.

Under Laws N. Y. 1884, c. 381, providing that the separate estate of a married woman shall be liable for her contracts, and that in no case shall a charge on her separate estate be necessary, it is not a material alteration to write above a married woman's indorsement on a note that she charged her estate with its payment.

Appeal from trial term.

Action by John H. Clapp against John Collins and others. Defendants appeal from a judgment on a verdict directed by the court for plaintiff.

Argued before McADAM, C. J., and NEHRBAS and McGOWN, JJ.

*A. M. & G. Card*, for appellants. *J. H. Clapp*, for respondent.

PER CURIAM. The plaintiff's right of action was admitted by the pleadings, and the defendants had the affirmative. That is matter of little conse-

quence, however, as the trial judge directed a verdict, and the real question is whether the direction was warranted or not. The only defense urged that requires serious notice is the plea that the note was altered by writing over the indorsement of Mrs. Collins that she charged her estate with the payment of the note. No one seems to dispute the elementary rule that a material alteration, wrongfully made, destroys the instrument, for it ceases to be the contract the parties made. At the time *Taddiken* v. *Cantrell,* 69 N. Y. 597, was decided, the alteration charged would have been regarded as material, but since the Laws of 1884, c. 381,[1] it must be regarded as immaterial. It did not enlarge the indorser's liability, nor change her relation to the paper. It proved nothing against her that the very nature of the obligation did not imply without the addition. It was surplusage; nothing more. If Mrs. Collins, instead of being a married woman, had been a man engaged in trade, no one would for a moment contend that the alleged alteration was of any consequence whatever. The act of 1884, *supra,* puts her on the same footing, so far as her contracts are concerned. The direction was right, and the judgment entered upon it must be affirmed, with costs.

---

[1] Laws N. Y. 1884, c. 381, § 1: "A married woman may contract to the same extent, with like effect, and in the same form as if unmarried; and she and her separate estate shall be liable thereon, whether such contract relates to her separate business or estate or otherwise, and in no case shall a charge on her separate estate be necessary."