Jack J. Danella, J.
This is an action by the plaintiff against the defendants to recover on a promissory note executed by the defendant, Russell 0. Ayers, as maker, and executed by the other defendants as comakers or accommodation indorsers. The note is dated March 4, 1960 and at the bottom thereof following a printed caption reading “ Signature of maker and comakers ” appear the following signatures: Russell 0. Ayers, Howard W. Hart, Nicholas R. Blase, James F. Pronteau and Thomas E. Van Derhoof. There is a line stricken through the name of J ames F. Pronteau. According to the evidence before the court, said name was stricken from the note by one Gerald R. Fisher, now deceased, who at the time of the note was treasurer of the plaintiff.
The evidence before the court is to the effect that the note was not altered at the time it was delivered by the maker to the plaintiff; nor was it altered in his presence at the time the note was negotiated and he received his money from plaintiff. The credible evidence before the court is to the effect that two of the comakers did not discover the alteration until approximately two years thereafter, and the other comaker not until six months or a year thereafter.
*392 The plaintiff contends that the defendants consented to or ratified the alteration of the note because the comakers made efforts to induce the maker to make payment on the note when he fell in arrears. The evidence before the court indicates that these efforts were made by the comakers prior to the time that they had knowledge of the alteration; even if this occurred after knowledge of the alteration of the note, such conduct on the part of the comakers would not constitute ratification or consent.
The consent which will authorize a material alteration may be express (Taddiken v. Cantrell, 69 N. Y. 597) or it may be implied or apparent from the circumstances, such as a promise to pay (Conable v. Smith, 61 Hun 185). Such are not the facts in this case.
If a note is altered in a material part, without authority, after execution, the note is avoided and it is immaterial whether the alteration was done with fraudulent intent. (Booth v. Potwers, 56 N. Y. 22.) The law holds the instrument void not because the thing done is actual fraud, but because a contrary rule would open the door for fraud, and because the alteration changes the legal identity of the paper and causes it to speak a language differing in legal effect from that which it originally spoke. (2 Am. Jur. 608, Alteration of Instruments, § 16.)
It is also a well-established rule that any material alteration of a written instrument after the execution thereof, intentionally made by the holder thereof without the consent of the party so to be charged thereon, renders it void as between such non-consenting parties and the person responsible for the alteration. (3 N. Y. Jur., Alteration of Instruments, § 16.)
Under the Negotiable Instruments Law such an alteration voids the instrument except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers, except as to a holder in due course not a party to the alteration. (Negotiable Instruments Law, § 205.)
The signature of Thomas E. Van Derhoof appears after the signature of James F. Pronteau. All of the evidence before the court is to the effect that when Van Derhoof executed the note, the signature of James F. Pronteau appeared thereon and no line had been drawn through his signature. Hence, he is not a subsequent indorser within the meaning of the statute.
To permit a holder of a negotiable instrument to collect on it after he has intentionally materially altered it, could very easily open the door to fraud and bring about financial loss to innocent persons. Such conduct would destroy the integrity of the negotiable instrument. It would be contrary to the legal *393 principle to permit a wrongdoer to benefit from his own wrong and would be contrary to the public policy of the State.
Because of the foregoing, the complaint against the defendants, Hart, Blase and Van Derhoof is dismissed. There was no answer filed by the defendant Ayers and he appears to be in default. If plaintiff wishes to apply for a default judgment against him it may do so.
The court makes the following findings of fact, to wit
a. From plaintiff’s proposed requests to find, it finds paragraphs 1, 2, 3, 5, 8, 9, 10, 11, 12 and all of paragraph 6 except the last part thereof reading as follows: “ Under the terms set forth in ‘ Exhibit 1 ’
b. From defendants’ proposed requests to find, it finds paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 11. Prepare findings of facts and judgment in accordance with this decision and pursuant to CPLB 4213.